IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL KEVIN HOFFMAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-261-JJF |
| | ) | Jury Trial Demanded |
| CORRECTIONAL MEDICAL SERVICES and ROBERT GEORGE, | ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT ROBERT GEORGE'S ANSWER TO AMENDED COMPLAINT FILED ON JUNE 13, 2007

COMES NOW the State Defendant Robert George, by and through his undersigned attorney, and hereby answers the Amended Complaint filed on June 13, 2007.

### PREVIOUS LAWSUITS

1. Denied that Plaintiff has not filed other lawsuits in Federal Court while a prisoner. Plaintiff has initiated the following cases in Federal Court:

    a. *Hoffman v. Carroll, et. al*, in the United States District Court for the District of Delaware, CA No. 06-473, assigned to the Honorable Joseph J. Farnan, Jr. Plaintiff alleged an ineffective assistance of counsel claim when counsel attempted to place Plaintiff in an inpatient treatment program.

    b. *In the Matter of Hoffman*, CA No. 07-2184, in the Third Circuit Court of Appeals. Related to CA No. 06-473 from the District of Delaware.

    c. *Hoffman v. Kyler*, CA No. 96-1437, United States District Court, Eastern District

of Pennsylvania, assigned to the Honorable Edmund V. Ludwig.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Denied that Plaintiff has exhausted available administrative remedies regarding the present claims.

3. Defendant Robert George is without sufficient information to admit or deny the allegations set forth in Paragraph C.1.

4. Defendant Robert George is without knowledge of the actions of Defendant Correctional Medical Services, Delaware Correctional Center, or other named parties to admit or deny the allegations set forth in Paragraph C.2.

## CLAIM ONE

5. Admitted that Plaintiff was committed to the Sussex Violation of Probation Center (SVOP); denied that Plaintiff first came to SVOP on June 22, 2006.

6. Denied that Plaintiff                               to the attention of Defendant Robert George.

7. Admitted that Defendant Robert George received a letter dated June 14, 2006, directly addressed to Defendant Robert George, allegedly from Plaintiff's mother, claiming

                         .

8. Denied that Defendant Robert George took any actions to "advoid [sic] the situation" of Plaintiff's medical condition.

9. Defendant Robert George is without sufficient information to admit or deny the remaining allegations set forth in this paragraph; Defendant Robert George is without knowledge of the medical conditions or treatment of Plaintiff.

10. Defendant Robert George is not authorized to discuss medical matters with inmates once

- 2 -

they are referred to Defendant Correctional Medical Services.

11. Defendant Robert George is without knowledge of the actions of Defendant Correctional Medical Services, or any other claims regarding medical treatment as described in Claim One.

## CLAIM TWO

12. Defendant Robert George is without knowledge of the occurrences or conditions present at Sussex Correctional Institution (SCI).

13. Defendant Robert George is not authorized to discuss medical matters with inmates once they are referred to Defendant Correctional Medical Services.

14. Defendant Robert George is without knowledge of the actions of Defendant Correctional Medical Services, or any other claims regarding medical treatment as described in Claim Two.

## CLAIM THREE

15. Defendant Robert George is without knowledge of the occurrences or conditions present at Delaware Correctional Center (DCC).

16. Defendant Robert George is not authorized to discuss medical matters with inmates once they are referred to Defendant Correctional Medical Services.

17. Defendant Robert George is without knowledge of the actions of Defendant Correctional Medical Services, or any other claims regarding medical treatment as described in Claim Three.

## RELIEF

18. It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

19. It is specifically denied that Plaintiff is entitled to injunctive, declaratory or any other relief.

## AFFIRMATIVE DEFENSES

20. Plaintiff has failed to state a claim upon which relief can be granted.

21. Plaintiff has failed to exhaust his administrative remedies.

22. This action and all claims are barred by the applicable statute of limitations.

23. Defendant Robert George is immune from liability under the Eleventh Amendment.

24. Defendant Robert George is entitled to qualified immunity.

25. As to any claims under state law, Defendant Robert George is entitled to immunity under the State Tort Claims Act, 10 *Del. C.* §4001, *et. seq.*

26. As to any claims under state law, Defendant Robert George is entitled to sovereign immunity.

27. Defendant Robert George cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

28. To the extent the plaintiff seeks to hold Defendant Robert George liable based on supervisory responsibilities, the doctrine of *respondeat superior* is not a basis for liability in an action under 42 U.S.C. §1983.

29. Negligence is not a cause of action under 42 U.S.C. §1983.

30. Defendant Robert George in his official capacities is not liable for alleged violations of plaintiff's constitutional rights as he is not a "person" pursuant to 42 U.S.C. §1983.

31. This action and all claims are barred by the doctrine of *res judicata* from *Hoffman v. Carroll*, Case No. 06-473 in the United States District Court for the District of Delaware; *In the Matter of the Petition of Michael Hoffman for a Writ of Habeas Corpus*, Case No.

565, 2004 from the Delaware Supreme Court; Motions for Modification/Sentence Reduction filed in the New Castle County Superior Court for the State of Delaware regarding *State of Delaware v. Hoffman*, Case No. 99-12017771; and all appeals/other litigation ensuing therefrom.

WHEREFORE, Defendant Robert George respectfully requests that judgment be entered in his favor and against Plaintiff as to all claims, and that attorney fees be awarded to him.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi_____
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
Catherine.Damavandi@state.de.us
(302) 577-8400

Date: October 22, 2007          Attorney for Defendant Robert George

# *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on October 22, 2007 she caused the attached *State Defendant's Answer* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Michael Kevin Hoffman
Michael Kevin Hoffman, Pro se
5245 Burton Street, Apt. 2
Philadelphia, PA 19124

**MANNER OF DELIVERY:**

_____ One true copy by facsimile transmission to each recipient

\_\_X\_\_ Two true copies by first class mail, postage prepaid, to each recipient

_____ Two true copies by Federal Express

_____ Two true copies by hand delivery to each recipient

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi_____
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
Catherine.Damavandi@state.de.us
(302) 577-8400
Attorney for State Defendant