IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL KEVIN HOFFMAN,           :
                                 :
         Plaintiff,              :
                                 :
    v.                           : Civ. Action No. 07-261-JJF
                                 :
CORRECTIONAL MEDICAL SERVICES    :
and WARDEN ROBERT GEORGE,        :
                                 :
         Defendants.             :

Michael Kevin Hoffman, Pro se Plaintiff, Philadelphia, Pennsylvania.

James Edward Drnec, Esquire, Balick & Balick, LLC, Wilmington, Delaware.  Attorney for Defendant Correctional Medical Services

Catherine C. Damavandi, Esquire, Deputy Attorney General, Delaware Department of Justice.  Attorney for Defendant Warden Robert George.

**MEMORANDUM OPINION**

November 18, 2008
Wilmington, Delaware

Farnan, District Judge

Presently before the Court are Defendant Correctional Medical Services, Inc.'s ("CMS") Motion To Dismiss Pursuant To Rule 4(m) and Motion For Entry Of Order Of Dismissal and Defendant Warden Robert George's ("George") Motion To Dismiss For Failure To Prosecute Pursuant To Fed. R. Civ. P. 41(b) And Local Rule 41.1.  (D.I. 39, 42, 45.)  For the reasons below, the Court will deny the Motions.

I. **BACKGROUND**

Plaintiff, is a former inmate who proceeds pro se.  He alleges that he is an HIV/chronic care patient and that George and CMS violated his constitutional rights in delaying or denying him medical treatment.  After screening the case, the Court ordered Plaintiff to submit USM-285 forms to effect service upon Defendants.  (D.I. 18.)  Plaintiff provided the USM-285 forms and the matter was sent to the U.S. Marshal to effect service on August 9, 2007.  (D.I. 29.)  The USM-285 forms were returned executed for George on August 22, 2007, and for CMS on January 28, 2008.  (D.I. 31, 40.)  Prior to the time CMS was served, it filed a Motion To Dismiss Pursuant To Rule 4(m).  (D.I. 39.)  After it was served, CMS filed the pending Motion For Entry Of Order Of Dismissal.  (D.I. 42.)

In the meantime, Plaintiff advised the Court on September 4, 2007, that he was released from the DOC on August 22, 2007. (D.I. 32.) On October 1, 2007, Plaintiff advised the Court of a second change of address to Philadelphia, Pennsylvania. (D.I. 34.)

The Court set a briefing schedule on the Motion To Dismiss and the service order mailed to Plaintiff was returned as "undeliverable." (D.I. 40.) Next, George filed the pending Motion To Dismiss For Lack Of Prosecution. (D.I. 45.) CMS joined the Motion. (D.I. 46.) The Court set a briefing schedule on George's Motion To Dismiss and the service order mailed to Plaintiff and it, too, was returned with the notation "return to sender attempted not known unable to forward." (D.I. 47.)

Thereafter, the Court entered an Order for Plaintiff to show cause for his failure to respond to the Motions To Dismiss And For Failure To Prosecute. (D.I. 48.) Plaintiff was warned that his failure to show cause and file answering briefs for each Motion would result in the Court deciding the Motions on the papers submitted. Plaintiff responded by filing a Notice Of Change Of Address and a Motion For Extension Of Time To File The Answering Briefs. (D.I. 49, 50.) The Court granted the Motion For Extension Of Time and Plaintiff filed a Answering Brief To The Motions on September 18, 2008. (D.I. 52.)

## II. DISCUSSION

### A. Service

CMS moves for dismissal pursuant to Fed. R. Civ. P. 4(m) on the grounds that it was not timely served. (D.I. 39.) It also filed a motion raising the same issue in its Motion For Entry Of Order Of Dismissal. (D.I. 42.)

Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). The rule goes on the state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at it discretion, extend the time for service even if plaintiff has not shown good cause for the delay." Daniels v. Correctional Med. Services, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995).

As CMS is aware, Plaintiff proceeds in forma pauperis and, therefore, must rely upon the Court to issue a Service Order and the United States Marshal Service to effect proper service of the summons and complaint. See 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding in forma pauperis, "the officers of the court shall issue and serve all process, and perform all

duties in such cases"). Plaintiff had nothing to do with any delay in service. Indeed, he timely complied with all Court orders and deadlines. Dismissal for failure to timely serve is not proper. Therefore, the Court will deny CMS's Motions To Dismiss And For Entry Of Order. (D.I. 39, 42.)

**B.   FAILURE TO PROSECUTE**

George and CMS for dismissal for failure to prosecute on the grounds that Plaintiff failed to take any actions for over three months and for failure to comply with the Court's Scheduling Order. They note that Plaintiff failed to explain to the Court why he failed to timely respond to Motions filed by Defendants.

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995). See Torres v. Amerada Hess Corp., 240 Fed. Appx. 946, 954 (3d Cir. 2007). "In certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).

The following six factors determine whether dismissal is warranted. (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim of defense. <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984); <u>See also</u> <u>Wallace v. Graphics Mgmt. Associates</u>, 197 Fed. Appx. 138 (3d Cir. 2006).

The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of <u>Poulis</u> factors are not satisfied. <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1998).

With regard to the first factor, as a <u>pro se</u> litigant, Plaintiff is solely responsible for prosecuting his claim. <u>Hoxworth v. Blinder, Robinson & Co.</u>, 980 F.2d 912, 920 (3d Cir. 1992). As to the second factor, the Court find that Defendants are not prejudiced by Plaintiff's failure to prosecute.

Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222-23 (3d Cir. 2003). Very little has taken place, and discovery has yet to begin.

With regard to the third factor, the Court docket reflects a history of dilatoriness. Plaintiff failed to respond to several Motions To Dismiss. However, once the Court ordered Plaintiff to show cause, he responded by advising the Court of his new address, seeking an extension of time and filing a response to Defendants' initials. As to the fourth factor, the facts do not lead to a conclusion that Plaintiff's failure to prosecute is willful or in bad faith. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Plaintiff proceeds <u>in forma pauperis</u>. Monetary penalties, therefore, would be inappropriate and unavailing. The Court finds the sixth factor, the merits of the claim, is neutral.

For the above reasons, the Court concludes that, the <u>Poulis</u> factors do not weigh in favor of dismissal. **Plaintiff is placed on notice that he is personally responsible for complying with Court Orders and abiding by Court deadlines.** The Court will consider renewed Motions For Failure To Prosecute should Plaintiff, in the future, fail to prosecute this case.

## IV. CONCLUSION

The Court will deny Defendant Correctional Medical Services, Inc.'s Motion To Dismiss Pursuant To Rule 4(m) and Motion For Entry Of Order Of Dismissal. (D.I. 39, 42.) The Court will deny without prejudice Defendant Warden Robert George's Motion To Dismiss For Failure To Prosecute Pursuant To Fed. R. Civ. P. 41(b) And Local Rule 41.1. (D.I. 45.) An appropriate Order will be entered.