IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KEVIN HOFFMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-261-JJF |
| CORRECTIONAL MEDICAL SERVICES and WARDEN ROBERT GEORGE, | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Michael Hoffman's Motion For Appointment of Counsel. (D.I. 69.) For the reasons discussed, Plaintiff's Motion will be denied without prejudice.

**I. BACKGROUND**

Plaintiff Hoffman, a former inmate who has proceeded in this mater pro se, initiated this action based on the allegation that Defendants Correctional Medical Services and Warden Robert George ("Defendants") violated his constitutional rights in delaying or denying him medical treatment. Plaintiff is an HIV/chronic care patient and his complaint concerns medical care during the time he was incarcerated.

Plaintiff contends that the Court should appoint counsel for him because (1) Plaintiff is unable to afford counsel, (2) the issues in the case are complex, (3) the complaint relates to alleged constitutional violations, and (4) this case has sufficient merit to warrant the appointment of representation.

(D.I. 69.) Defendants have not commented on this Motion.

## II. LEGAL STANDARD

Although a plaintiff does not have a constitutional or statutory right to an attorney in a civil case, a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

**III. DECISION**

Up to this point, Plaintiff has ably represented himself in this case. After reviewing Plaintiff's Motion and the documents filed, the Court concludes that the case is not so factually or legally complex at this juncture that requesting an attorney to represent Plaintiff is warranted. Additionally, Plaintiff's filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny Plaintiff's Motion For Appointment Of Counsel without prejudice to renew.

NOW THEREFORE IT IS HEREBY ORDERED this 19 day of January, 2010, that Plaintiff's Motion For Appointment Of Counsel (D.I. 69) is **DENIED** without prejudice.

_____
UNITED STATES DISTRICT JUDGE